IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AL MOTECUHZOMA TASTALUCA BEY AKA ALEXANDER MANSE PARRA, | § § § | |
| Plaintiff, | § | 1:24-CV-557-DII-ML |
| v. | § § | |
| PROGRESSIVE INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

    **I.**    **R**EQUEST **T**O **P**ROCEED *I*N *F*ORMA *P*AUPERIS

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. STANDARD OF REVIEW

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**III.**     **REVIEW OF THE MERITS OF THE CLAIM**

Because the information Plaintiff provided in the Complaint was insufficient for the court to properly evaluate the Complaint under 28 U.S.C § 1915(e)(2), the court ordered Plaintiff to file a More Definite Statement that more fully explains the basis of Plaintiff's claims. Dkt. 5. Plaintiff has done so. Dkt. 6. The following reflects the court's understanding of Plaintiff's claims based on both the Complaint and More Definite Statement.

Plaintiff states he is "Al Motecuhzoma Tastaluca Bey-Natural being, In Propria Persona, Sui Juris Heredes, indigenous free sovereign Moor- in North America, Central America, South America, and the adjoining Islands -Almoroc-AmeruAmerican." Dkt. 1 at 1. Plaintiff also describes himself as "HEIR NOBLE, AL Motecuhzoma Tastaluca Bey, AKA Al Alexander Manse Parra, Unitary Washitaw de Dugdahmoundyah Mu'ur, Moor. Subject in the Al Moroccan Empire." Dkt. 6 at 3.

Plaintiff states he was injured in May 2020 while driving a commercial vehicle in Kentucky when a wheel from the vehicle in front of him flew through his windshield and struck his head, injuring him. Dkt. 1 at 2; Dkt. 6 at 3. He states he has submitted a claim to Progressive, but Progressive has refused to pay on his claim. Dkt. 1 at 3; Dkt. 6 at 4. Although he asserts he is a beneficiary under the Progressive policy, Plaintiff does not state who Progressive insures. Dkt. 1 at 2; Dkt. 6 at 3. He states a claim was filed with Progressive "by plaintiff's assisting counsel," but Progressive has "refuse[d] to settle on the claims by claiming Insurance Neutrality along as a defense" Dkt. 1 at 3, 4. He seeks to recover damages for his medical expenses, pain and suffering, loss of earnings, physical and mental impairments, and disfigurement. Dkt. 6 at 3. He further states he "prefers to have jury determine the fair amount of compensation paid in Mexican gold for [his] damages." Dkt. 6 at 2.

Plaintiff asserts a breach of contract claim. He also asserts "Progressive has intentionally and deliberately with malice and corrupted intentions violated plaintiff rights accorded to him under The Moroccan-American Treaty of Peace and Friendship, in Articles 21,22, 23. Defendant Progressive Intentionally violates plaintiffs' rights by intentionally ignoring Plaintiffs rights established by the United Nations Declaration on the Rights of Indigenous People, Articles 1 thru 46." Dkt. 6 at 2.

Plaintiff's claims lack an arguable basis in fact because he has failed to describe who Progressive insured. As such, he has failed to state a breach of contract claim. *See Neitzke*, 490 U.S. at 327–28. Plaintiff's claims are "based on an indisputably meritless legal theory" as he asserts rights under The Moroccan-American Treaty of Peace and Friendship and the United Nations Declaration on the Rights of Indigenous People. *Neitzke*, 490 U.S. at 327.

Further, Plaintiff's Complaint is "'replete with identifying characteristics of the sovereign citizen movement' and raise[s] arguments that are 'indisputably meritless.'" *Sec. & Exch. Comm'n v. Meta 1 Coin Tr.*, No. 1:20-CV-273-RP, 2020 WL 1931852, at *3 (W.D. Tex. Apr. 21, 2020) (quoting *Westfall v. Davis*, No. 7:18-CV-00023-O-BP, 2018 WL 2422058, at *2–3 (N.D. Tex. May 4, 2018), report and recommendation adopted, No. 7:18-CV-023-O-BP, 2018 WL 2414794 (N.D. Tex. May 29, 2018)).[1] Plaintiff claims he is a member of the Unified Washitaw De Deugdahmoundyah Mu'ur Nation. His Complaint is "'fanciful' and 'without merit.'" *See Askew ex rel. Plaintiff—Appellant v. United States*, No. 22-10914, 2023 U.S. App. LEXIS 2891, at *1 (5th Cir. 2023) (per curiam) (unpublished) (concluding complaint asserting sovereign citizenship

---

[1] *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."); *and see* Caesar Kalinowski IV, A Legal Response to the Sovereign Citizen Movement, 80 MONT. L. REV. 153, 193 (2019) ("Voicing concerns over the federal government's overreach into citizens' lives, Sovereign Citizens make the unfortunate mistake of relying on non-binding or irrelevant legal definitions and misreading judicial opinions to avoid regulation or invoke rights that have no basis in law.").

derived from purported tribal affiliation was "frivolous and entirely without merit").[2] Accordingly, the undersigned will recommend dismissal of the Complaint with prejudice.

### IV. ORDER AND RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) is **GRANTED**. The undersigned **RECOMMENDS** the District Court **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the undersigned should now be canceled.

### V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED August 26, 2024.

                                             MARK LANE
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] "Unpublished opinions issued in or after 1996 are 'not controlling precedent' except in limited circumstances, **but** they 'may be persuasive authority.'" *Watt v. New Orleans City*, No. 23-30050, 2023 U.S. App. LEXIS 27453, at *5 n.7 (5th Cir. 2023) (quoting *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (emphasis added).